IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 1 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00724-BNB

DWAYNE A. HUDSON,

      Applicant,

v.

CHIEF WILSON, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

      Respondents.

_____

## ORDER OF DISMISSAL
_____

      Applicant, Dwayne A. Hudson, was confined at the Denver County Jail when he initiated the instant action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He currently is a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  On August 23, 2010, Mr. Hudson filed an amended habeas corpus application pursuant to § 2254 challenging the validity of his conviction in Denver District Court Case No. 04CR3106.  On August 24, 2010, he filed an amendment correcting the name of a Respondent listed on the amended application.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On August 25, 2010, Magistrate Judge Boyd N. Boland entered an order granting the motion to amend and ordering Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. §

2254(b)(1)(A). On September 14, 2010, Respondent John Suthers, through the Attorney General of the State of Colorado, filed his pre-answer response. Also on September 14, Chief Wilson, through the Office of the Denver City Attorney, filed his pre-answer response adopting the pre-answer response filed by Mr. Suthers. On October 7, 2010, Mr. Hudson filed a reply to the pre-answer response.

On December 15, 2010, Magistrate Judge Boland ordered Respondents to file within twenty-one days a supplement to the pre-answer response that advised the Court of the status of an appeal Mr. Hudson had pending in the Colorado Court of Appeals. On December 22, 2010, Respondents filed a supplement to the pre-answer response informing the Court that Mr. Hudson had not yet filed his opening brief on appeal, which was due on December 7, 2010.

On December 27, 2010, the Court ordered Mr. Hudson to show cause why the instant application should not be denied and this action dismissed for failure to exhaust.

The Court must construe liberally Mr. Hudson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

The following facts are taken from the Colorado Court of Appeals opinion in *People v. Hudson*, No. 04CR3106 (Colo. Ct. App. May 1, 2008) (unpublished) (pre-answer response at ex. B):

> On July 27, 2004, defendant was charged with distribution of
> a schedule II controlled substance and possession of a

2

schedule II controlled substance, one gram or less. Three weeks later, defendant appeared in court for his preliminary hearing. On that date, defendant agreed that he would waive his right to a preliminary hearing and plead guilty to a class four felony in exchange for the prosecution's dismissal of the two original counts and its stipulation to a sentence of probation.

On August 31, 2004, before the first presiding judge, the prosecution and defendant informed the court of their plea agreement, whereby defendant would plead guilty to an added count of possession of a schedule II controlled substance (more than one gram of cocaine) and provide truthful testimony against his co-defendants if asked to do so. In exchange, the prosecution would dismiss the two original counts and stipulate to a sentence of probation and a personal recognizance bond. The written plea agreement, which defendant signed and was submitted to the court, included only these promises.

After the parties announced the conditions and stipulations of the plea agreement, the court asked defendant if this was his understanding of the agreement, to which he replied that it was. Defendant indicated that no other promises had been made. The court also asked defendant whether he understood that he was pleading guilty to a class four felony, which included a possible penalty of twelve years in the Department of Corrections (DOC), three years parole, and a $500,000 fine, and defendant again answered affirmatively. The court did not, however, promised defendant that he would receive any particular sentence. After asking defendant further questions concerning his understanding of the plea, the court found that defendant's plea was entered knowingly, intelligently, and voluntarily.

At the end of the hearing, the court added further conditions to defendant's plea agreement, including, among others, that defendant must submit to a probation evaluation before sentencing. The court then ended the hearing without obtaining defendant's assent to the additional terms or hearing further from him.

After the hearing, defendant met with the probation department. However, he missed a subsequent meeting that was scheduled for the probation evaluation and also

3

failed to attend the sentencing hearing. Based on
defendant's failure to obtain a probation evaluation, the
People then asserted that defendant had breached the plea
agreement and thus asserted that they were absolved of
their obligations under the agreement. The trial court
likewise indicated that it would no longer enforce the
agreement.

Another judge subsequently took over the case and held a
hearing on a motion filed by defendant seeking specific
performance of the prosecution's agreement, which,
according to defendant, required that he receive a sentence
to probation. The court found that the advisement of the
additional terms given by the first judge was inadequate.
Defendant had not agreed to the additional terms and was
not advised that his failure to comply with the additional
terms would relieve the prosecution of its duty to comply with
the agreement. And, because the plea was thus not
knowing and intelligent, the court found that there was no
agreement. Accordingly, the court gave defendant the
option of withdrawing his guilty plea and instructed him that it
would not necessarily sentence him to probation if he
maintained his guilty plea.

Defendant did not withdraw his guilty plea, asserting that he
was entitled to probation under the plea agreement because
he complied with the terms to which he had agreed and
because he ultimately complied with the court's added
requirement that he submit to a probation evaluation. The
court rejected defendant's argument and sentenced him to
four years in DOC.

*Id.* at 1-4.

Mr. Hudson appealed. The Colorado Court of Appeals in No. 04CR3106

remanded with instructions for the trial court to make findings as to whether either party

breached the plea agreement. If the trial court found that Mr. Hudson had breached the

agreement, the prosecution would not be required to recommend a probation sentence.

On November 10, 2008, the Colorado Supreme Court denied certiorari review.

On January 20, 2009, the trial court found that Mr. Hudson had breached the

4

Case 1:10-cv-00724-LTB   Document 33   Filed 03/21/11   USDC Colorado   Page 5 of 10

terms of the plea agreement by failing to appear for sentencing. The court then ordered

that Mr. Hudson be remanded to the DOC to complete his prison sentence.

On March 6, 2009, Mr. Hudson filed a motion "seeking relief from incarceration

for providing information to police in murder investigation." *See* pre-answer response,

ex. G at 8. The court does not appear to have ruled on the motion. Three days after

Mr. Hudson filed the motion, he filed a notice of appeal, apparently from the January 20,

2009, order. The appeal was dismissed on October 16, 2009.

On January 21, 2010, Mr. Hudson filed a motion "for specific performance." *See*

pre-answer response, ex. G at 7. On March 8, 2010, he filed a motion "to vacate

sentence, conviction and withdraw guilty plea." *Id.* The trial court denied both motions

in a written order dated May 25, 2010. *See* pre-answer response, ex. E at 5-13.

On July 21, 2010, Mr. Hudson filed a notice of appeal. The appeal appears to be

pending. *See* pre-answer response, exs. E (notice of appeal) and F (supporting brief

titled "Re: Show Cause) in *People v. Hudson*, 10CA1496.

Respondents concede that the instant action is filed within the one-year limitation

period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the

one-year limitation period.

Mr. Hudson asserts the following claims:

> 1.      He is "entitled to specific performance of [his] plea
> agreement" based upon [his] "detrimental reliance";
> specifically he asserts he "waived his right to a preliminary
> hearing" for a plea-agreement that stipulated a sentence to
> probation. Amended application at 5.
>
> 2.      The trial court "unlawfully participated in [the] plea
> agreement." Amended application at 6.

3.    The Colorado Court of Appeals erred in remanding
the case to the trial court to determine whether there was a
breach of the parties' plea agreement because there were
sufficient findings in the record "to resolve the matter in [Mr.
Hudson's] favor." Amended application at 6.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus
may not be granted unless it appears that the applicant has exhausted state remedies
or that no adequate state remedies are available or effective to protect the applicant's
rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State
Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is
satisfied once the federal claim has been presented fairly to the state courts. *See
Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the
federal issue be presented properly "to the highest state court, either by direct review of
the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to
the highest state court in order to satisfy the fair presentation requirement. *Picard v.
Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252
(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner
to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal
quotation marks omitted), "[i]t is not enough that all the facts necessary to support the
federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)
(per curiam). A claim must be presented as a federal constitutional claim in the state
court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-
66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."
*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing
a federal habeas corpus action bears the burden of showing that he has exhausted all
available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).
The Court first will address Mr. Hudson's second and third claims.

Claims Two and Three

Mr. Hudson presented his second claim, i.e., that the trial court "unlawfully
participated in [the] plea agreement," to the state courts and specifically to the Colorado
Supreme Court as an error of state law only.  *See* pre-answer response, ex. C (petition
for writ of certiorari).  However, even if the trial judge participated in the plea agreement,
as Mr. Hudson claims, the judge's mere participation did not result in the violation of the
federal constitutional right.  *See Miles v. Dorsey*, 61 F.3d 1459, 1467 (10th Cir. 1995).
His third claim, i.e., that the Colorado Court of Appeals erred in remanding the case to
the trial court to determine whether there was a breach of the parties' plea agreement,
does not allege a violation of federal constitutional law.  A federal habeas court is limited
to deciding whether a conviction violated "the Constitution or laws or treaties of the
United States." 28 U.S.C. § 2254(a).  *See also Estelle v. McGuire*, 502 U.S. 62, 67-68
(1991) ("[I]t is not the province of a federal habeas court to reexamine state-court
determinations on state-law questions.").  Therefore, the second and third claims are
not cognizable in this habeas corpus action.

<u>Claim One</u>

Mr. Hudson claims that he is "entitled to specific performance of [his] plea agreement" based upon [his] "detrimental reliance." Amended application at 5. He specifically asserts that he "waived his right to a preliminary hearing" for a plea-agreement that stipulated a sentence to probation. *Id.* Claim one was presented as a federal constitutional claim at all levels on direct appeal, including in Mr. Hudson's 2008 petition for writ of certiorari to the Colorado Supreme Court. *See* pre-answer response, ex. C. Claim one, therefore, would be deemed exhausted but for the fact that Mr. Hudson continues to pursue state remedies as to that claim and, in fact, still has an appeal pending from the trial court's denial of his motions for specific performance and to vacate sentence, conviction, and withdraw guilty plea.

The Court has reviewed the January 19, 2011, document titled "Re: Supplement to Pre-Answer Response" and the February 23, 2011, response to the order to show cause. Mr. Hudson contends that his pending appeal will not address the claims he asserts in the instant action, but will only "alter his place of custody," *see* "Re: Supplement to Pre-Answer Response" at 3, that is, whether he is confined in prison or allowed a sentence of probation. Mr. Hudson clearly misunderstands that whether or not he is incarcerated is the crux of the first issue he has raised before this Court. As long as he continues to pursue state remedies as to his first claim, relief from the state courts remains a possibility. Mr. Hudson, therefore, cannot seek habeas corpus relief in this Court before he exhausts the avenues he already is pursuing in the state courts. In addition, Mr. Hudson failed to show cause as directed in the December 27, 2010, order

8

why the instant application should not be denied and this action dismissed for failure to exhaust.

Accordingly, it is

ORDERED that claims two and three asserted by Applicant, Dwayne A. Hudson, are dismissed as not cognizable in a federal habeas corpus action.  It is

FURTHER ORDERED that claim one is dismissed without prejudice for failure to exhaust.  It is

FURTHER ORDERED that the amended habeas corpus application is denied, and the action dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _21st_ day of ____March_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00724-BNB

Dwayne A. Hudson
Prisoner No.  48241
Fremont Correctional Facility
P.O. Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 21, 2011.

                              GREGORY C. LANGHAM, CLERK

By:_____
                              Deputy Clerk